IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00195-MR

| | |
|---|---|
| JAMES FRANKLIN MCCLELLAND,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>FNU WEBB,  )<br>)<br>Defendant.  )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Plaintiff's "Motion to Safeguard Against Harassment Prospective Relief" [Doc. 1] that was docketed as a Complaint and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

*Pro se* Plaintiff is a prisoner in the custody of the North Carolina Department of Public Safety ("NCDPS") at the Mountain View Correctional Institution. Plaintiff filed this "Motion to Safeguard Against Harassment Prospective Relief" that was docketed as a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. He names as the sole Defendant Officer Webb, who appears to be a correctional officer at the Mountain View C.I.[1]

---

[1] Although the caption of Plaintiff's Complaint names the "Defendant(s)" as "Office[r] Webb et al.," and the body of his Complaint refers to "staff members," "the administration,"

Plaintiff alleges that Mountain View C.I. is "severely overcrowded" and that Plaintiff is experiencing a "pattern of guard brutality and/or harassment, prejudice with racial motive" and that he is being "verbally and physically abused by such staff members at Mountain View Correctional" who "lack of concern regarding inmate safety." [Doc. 1 at 2]. He alleges that some staff are poorly trained and supervised, and that assistant unit managers refuse to take the necessary precautions to protect Plaintiff's safety, and no one at the prison will address these matters, which has created a policy or custom allowing or encouraging illegal acts.

Plaintiff alleges that Defendant Webb abuses his authority and has "consistently threatened to continue his harassment against [Plaintiff]." [Id.]. Plaintiff claims that he filed a grievance on July 3, 2020 asking "the administration" to separate him from Defendant Webb, yet Webb refuses to stop harassing Plaintiff and, on July 9, 2020, Defendant Webb retaliated against Plaintiff by starting a verbal confrontation with him. [Doc. 1 at 2-3]. Defendant Webb allegedly became enraged and Plaintiff was placed in a single cell, ostensibly to cool off, for 14 hours without a blanket, sheet, proper

---

"supervisors," and "assistant unit manager," Plaintiff does not attempt to identify any defendants other than Webb. [See Doc. 1 at 1-5].

clothing, "or other accessory [sic] to maintain proper health status."[2] [Doc. 1 at 3]. Plaintiff was then moved to a holding cell where the foregoing conditions allegedly continued in addition to the lack of water, a toilet, and prescribed medications.[3] According to Plaintiff, "staff" will falsely claim that Plaintiff is not following the rules but there are no infractions against him aside from Defendant Webb's "sinister moti[]ves and inappropriate behavior." [Doc. 1 at 4]. Plaintiff alleges that he received an infraction from Defendant Webb on July 10, 2020, and that a rule was enforced against Plaintiff that is not enforced against other inmates.

Plaintiff appears to argue that he was not required to exhaust his administrative remedies with regards to this matter because NCDPS policy prohibits an inmate from filing grievances on infractions. [Id.].

As relief, Plaintiff seeks an emergency injunction "[t]o stop the oppression, harassment, affliction, course [sic] language, threats, etc., imposed by prison officials with intent to deliberate[] indifference and cruel impersonal motive…." [Doc. 1 at 6].

---

[2] Plaintiff fails to describe the health status to which he refers.

[3] Plaintiff fails to allege how long he was in the holding cell, identify the medication of which he was deprived, or state how many doses of the medication he missed.

The Prison Litigation Reform Act's ("PLRA") three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): McClelland v. Smith, 1:09-cv-00126-JAB-PTS (M.D.N.C. April 7, 2009) (dismissing as frivolous, malicious, or for failure to state a claim; no appeal taken); McClelland v. Greene, 5:11-ct-03063-D (E.D.N.C. Nov. 15, 2011) (dismissing as frivolous; no appeal taken); McClelland v. Teague, 1:13-cv-00049-RJC (dismissing for failure to state a claim; appeal dismissed July 2, 2013). The Court has previously recognized that Petitioner is a three-striker under the PLRA. McClelland v. Gabby, Civil Case No. 1:14-cv-00105-FDW, 2014 WL 1957651 (W.D.N.C. May 15, 2014).

Plaintiff seeks to avoid the three-strikes bar by contending that he is in imminent danger of physical harm. However, his vague allegations of harassment, threats, and one past stint in solitary confinement fail to demonstrate that he is in imminent danger of physical harm. See, e.g., Merriweather v. Reynolds, 586 F.Supp.2d 548 (D.S.C. May 11, 2008) (inmate's allegations of serious retaliation, continuous threats on his life, that he is in danger from prison gangs, and that prison personnel have threatened to put him in a pink jumpsuit, were insufficient to establish an imminent danger of physical harm under § 1915(g)).

Plaintiff is a three-striker, has not prepaid the filing fee, and has failed to demonstrate that he is in imminent danger of physical harm. Therefore,

5

he may not proceed *in forma pauperis* pursuant to § 1915(g) and the Court will dismiss the Complaint without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED** and the Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF and close this case.

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge

6

Case 1:20-cv-00195-MR   Document 6   Filed 08/04/20   Page 6 of 6